United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60375
Summary Calendar

REBECCA LEWIS,

Plaintiff-Appellant,

versus

UNIVERSITY OF SOUTHERN MISSISSIPPI, ET AL.,

Defendants,

UNIVERSITY OF SOUTHERN MISSISSIPPI LOCAL CHAPTER OF PHI KAPPA TAU
FRATERNITY; PHI KAPPA TAU FRATERNITY, INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:03-CV-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

In the summer of 2001, John Parker, an active member of the Phi Kappa Tau (PKT) chapter at the University of Southern Mississippi, was drinking at the fraternity's house. The house is owned and maintained by the university, which provides a resident assistant during the school year, but it is occupied exclusively by PKT brothers who pay rent to the university. The beer was provided to Parker, who was underage, by another brother. Because it was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summer, PKT wasn't in session, no fraternity members or officers were required to be present, and PKT didn't hold or sponsor any activities.

At about 2:00 a.m., plaintiff Lewis was riding on the back of a four-wheeler on PKT house grounds. Parker went outside to confront the driver and eventually threw a bottle, which struck Lewis in the face, significantly injuring her. Lewis eventually sued both the local and national chapters of PKT under Mississippi negligence law, citing diversity jurisdiction, claiming that the organizations were liable for not supervising their members. The district court granted summary judgments to the defendants after concluding that, under the undisputed facts of the case, neither defendant owed a relevant duty to Lewis under Mississippi law. Lewis appeals, and we review de novo. See Richardson v. Penzoil Producing Co., 896 F.2d 919, 921 (5th Cir. 1990).

Generally, unincorporated associations, like defendants here, are not liable for the wrongful acts of their members unless they encouraged, promoted, or subsequently ratified them. *See generally* 6 AM. JUR. 2D ASSOC. & CLUBS § 47 (West 2005). There is no evidence of sufficient encouragement, promotion, or ratification here. Moreover, as the district court noted, to hold the PKT national organization liable would require something more, a special relationship between the national organization and the local

chapter creating in the former a duty to supervise day-to-day the actions of the latter. There is no evidence of that, either.[1]

Lewis's argument essentially revolves around *Beta Beta Chapter of Beta Theta Pi Fraternity v. May*, 611 So.2d 889 (Miss. 1992), where the Supreme Court of Mississippi upheld a jury verdict against a fraternity and for a young woman who, as the invited guest to the regularly-sponsored "Ole Man River" fraternity party during the regular school year, was thrown by several fraternity brothers into a shallow pool constructed for the party, where the brothers had thrown in other women before the plaintiff. The district court properly distinguished that case because here PKT wasn't in session, fraternity members weren't required to be at the house, there was no fraternity event taking place at the house, much less a regular event, Lewis wasn't an invited guest to a fraternity function, and Lewis's injuries were caused only by Parker. In short, the fraternity in *May* acted as a fraternity in causing the plaintiff's injuries. The same is not true here. To hold otherwise would render PKT liable for almost all the acts of its members resulting from any illegal drinking at the house where one member provided alcohol to another.

Lewis also attempts to make a somewhat different argument: that Parker's avowed purpose in confronting the four-wheeler was to protect PKT property, hence Parker was acting for the fraternity

---

[1] Furthermore, Lewis inadequately explains in her brief why this conclusion by the district court is wrong, so the issue of the national organization's liability is waived. *See* FED. R. APP. P. 28(a)(9)(A).

collectively, supporting PKT liability. This argument is inadequately addressed on appeal, Lewis providing nothing but a bare assertion and conclusory argument. *See* FED. R. APP. P. 28(a)(9)(A); *Gaines v. Cuna Mutual Ins. Soc.*, 681 F.2d 982, 985 (5th Cir. 1982). In any event, under the only relevant clause in the only relevant authority cited by Lewis, 6 AM. JUR. 2D ASSOC. & CLUBS § 47, the member must be acting "collectively in the business for which the association is organized" for liability to attach, and Parker clearly wasn't so acting here.

AFFIRMED.